UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 JUL 14 AM 7:22

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JAMES A. KLING, | ] |
| Plaintiff(s), | ] |
| vs. | ] CV-96-N-2555-S |
| UNITED STATES DEPARTMENT OF EDUCATION, et al., | ] |
| Defendant(s). | ] |

ENTERED
JUL 14 1997

## Memorandum of Decision

Defendant Accrediting Council for Independent Colleges and Schools ("ACICS") moves for summary judgment on all claims against it. The parties have been given an opportunity to be heard by brief or otherwise. Upon due consideration, the motion will be granted and the action dismissed as it applies to this defendant. Plaintiff James A. Kling, proceeding *pro se*, asserts that in the fall of 1989 he enrolled in Rutland/Phillips College, American Motor Institute ("Rutland") to receive training as an auto technician. He contends that he "was defrauded by this school" and "did not receive training as advertised." *Complaint*, at 2. It is undisputed that Rutland was at that time accredited by ACICS. Mr. Kling alleges that ACICS negligently accredited Rutland, to his injury.[1] He seeks relief from ACICS in the form of both compensatory and punitive damages as well as a "letter of apology." *Amended Complaint*, at 2.

---

[1] The court has elected to treat the defendant's summary judgment motion as being addressed to Mr. Kling's amended complaint.

44

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Id.* at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court's guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

2

must prevail as a matter of law." *Id.* at 251-52; *see also Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745 n.11(1983) (indicating the standard for summary judgment is "[s]ubstantively . . . very close" to that for motions for directed verdict).

ACICS asserts that an accrediting agency has no duty to students of a college that the agency accredits. In support of that argument they cite the court to several cases, most of which are distinguishable because they did not involve a student suing an accrediting agency. *See Parsons College v. North Central Ass'n of Colleges and Secondary Schools*, 271 F. Supp. 65 (N.D. Ill. 1967) (college suing over withdrawal of accreditation); *Medical Institute of Minnesota v. National Ass'n of Trade and Technical Schools*, 817 F.2d 1310 (8th Cir. 1987) (college suing over denial of reaccreditation); *Peoria School of Business, Inc. v. Accrediting Council for Continuing Education and Training*, 805 F. Supp 579 (N.D. Ill. 1992) (chiropractic college suing for denial of accreditation); *Sherman College of Chiropractic v. United States Commissioner of Education*, 493 F. Supp. 976 (D.D.C. 1980) (chiropractic college suing for denial of accreditation). On point, however, is *Keams v. Tempe Technical Institute, Inc.*, 110 F.3d 44 (9th Cir. 1996). There, the Ninth Circuit Court of Appeals wrote:

> [A]ppellants are unable to identify a single decision wherein any court in the United States has held that accrediting agencies, such as ABHES and ACCSCT, owe a tort law duty to students who attend the schools accredited by those agencies.

*Keams,* 110 F.3d at 47.

3

The court has carefully searched the law of Alabama and has found no precedent for plaintiff's claim against the agency that accredited the school which he now says breached its contract to provide him with certain educational opportunities.

For the reasons stated herein, the motion for summary judgment of defendant ACICS will, by separate order, be **GRANTED**.

Done, this ___14th___ of July, 1997.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

4